UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DONNAVON PARCHMENT,

                                                  Plaintiff,

                    -against-

CITY OF NEW YORK, SCOTT DEFALCO, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                                  Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

Index No.

CV 14   7047

Jury Trial Demanded

MATSUMOTO, J.

POLLAK MJ

*FILED CLERK*

*2014 DEC -3 PM 3:23*

*U.S. DISTRICT COURT*
*EASTERN DISTRICT*
*OF NEW YORK*

Plaintiff DONNAVON PARCHMENT, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff DONNAVON PARCHMENT is a thirty-six year old African-American man residing in Queens, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, SCOTT DEFALCO and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.     On September 4, 2013, at approximately 12:25 a.m., in the vicinity of Church Avenue and 95th Street, Brooklyn, New York, plaintiff DONNAVON PARCHMENT was lawfully operating a motor vehicle when one of the defendant NYPD officers threw his flashlight at PARCHMENT'S motor vehicle, striking the front-left (driver's) window and causing said window to shatter.

13.     The shattered glass struck PARCHMENT'S face and arms, causing lacerations to his arms.  PARCHMENT immediately pulled his vehicle to the curb.

14.     PARCHMENT observed two of the defendant NYPD officers, one of whom is believed to be defendant SCOTT DEFALCO, walking briskly away from the rear of PARCHMENT'S vehicle.  PARCHMENT called 911 for assistance.   A short while later, a police vehicle arrived at the scene and PARCHMENT stepped out of his vehicle.

15.     DEFALCO and JOHN DOE 1, who were not in the police vehicle which had just arrived at the scene, approached PARCHMENT, and DEFALCO stated, in sum and substance, you're under arrest, put your hands behind your back.

16.     PARCHMENT complied with the officer's orders and put his hands behind his back.

17.     DEFALCO and JOHN DOE 1 handcuffed PARCHMENT and imprisoned him in the back of a police vehicle despite lacking probable cause to believe PARCHMENT had committed any crime or offense.

18.     The defendant officers transported PARCHMENT to the NYPD's 67th precinct

3

stationhouse and imprisoned him therein.

19.    The defendant officers imprisoned PARCHMENT until his arraignment in Kings County Criminal Court on charges filed under docket no. 2013KN067993; said charges having been filed based on the false allegations of DEFALCO.

20.    The defendant officers conspired to initiate said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned abuse of authority and illegal conduct.

21.    DEFALCO created and manufactured false evidence against PARCHMENT, which he conveyed to the Kings County District Attorney's Office causing said evidence to be used against PARCHMENT in the aforementioned legal proceeding.

22.    DEFALCO initiated the criminal prosecution against PARCHMENT by falsely swearing in a criminal court complaint filed against PARCHMENT in Kings County Criminal Court that: DEFALCO observed PARCHMENT in a motor vehicle and PARCHMENT stopped in a bus lane and picked up a "hail"; DEFALCO flashed an NYPD siren light in front of PARCHMENT'S car and attempted to knock on defendants front driver's side window but PARCHMENT accelerated and continued to drive for several blocks, and; PARCHMENT resisted a lawful arrest by screaming and flailing his arms when DEFALCO attempted to place PARCHMENT in handcuffs.. These allegations are entirely false.

23.    DEFALCO'S false sworn allegations resulted in the filing of charges against PARCHMENT that PARCHMENT violated New York Penal Law § 195.05 (Obstruction of Governmental Administration in the 2nd degree), New York Penal Law § 205.30 (Resisting

Arrest), New York Penal Law § 240.20 (1) (Disorderly Conduct), and New York City Administrative Code § 19-506(3).

24.   The false charges compelled PARCHMENT to return to Kings County Criminal Court on November 19, 2013, December 3, 2013, December 10, 2013, January 28, 2014 and March 18, 2014.

25.   On March 18, 2104, the false charges filed against PARCHMENT were adjourned in contemplation of dismissal in Kings County Criminal Court; on May 19, 2014, the false charges were dismissed and sealed in Kings County Criminal Court.

26.   The defendant NYPD officers DEFALCO, and JOHN and JANE DOE 1 through 7 either directly participated in and/or failed to intervene in the illegal conduct described herein.

27.   The defendant NYPD officers JOHN and JANE DOE 8 through 10 held supervisory ranks and supervised the other defendant NYPD officers.

28.   All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a custom or practice of falsification.

29.   The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained and disproportionately stop, search, and arrest individuals due to discrimination against them based on their race or nationality, and engage in a practice of falsification.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff DONNAVON PARCHMENT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff DONNAVON PARCHMENT of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

6

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants arrested plaintiff DONNAVON PARCHMENT without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42.     Defendants caused plaintiff DONNAVON PARCHMENT to be falsely arrested and unlawfully imprisoned.

7

43.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DONNAVON PARCHMENT'S constitutional rights.

46.     As a result of the aforementioned conduct of defendants, plaintiff DONNAVON PARCHMENT was subjected to excessive force and sustained physical and emotional injuries.

47.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants created false evidence against plaintiff DONNAVON PARCHMENT.

50.     Defendants utilized this false evidence against plaintiff DONNAVON

8

PARCHMENT in legal proceedings.

51.    As a result of defendants' creation and use of false evidence, plaintiff DONNAVON PARCHMENT suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

52.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

53.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendants issued criminal process against plaintiff DONNAVON PARCHMENT by causing his arrest and prosecution in a criminal court.

55.    Defendants caused plaintiff DONNAVON PARCHMENT to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and illegal conduct, and thereby violated plaintiff's right to be free from malicious abuse of process.

56.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

57.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Defendants had an affirmative duty to intervene on behalf of plaintiff DONNAVON PARCHMENT, whose constitutional rights were being violated in their presence by other officers.

59.    The defendants failed to intervene to prevent the unlawful conduct described herein.

60.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to over tight handcuffing, and compelled to appear in criminal court.

61.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

10

64.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     The defendants falsely arrested and subjected plaintiff DONNAVON PARCHMENT to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

67.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT was deprived of his rights under the Equal Protection Clause of the United States Constitution.

68.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants, collectively and individually, while acting under color of state law,

11

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DONNAVON PARCHMENT'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DONNAVON PARCHMENT.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DONNAVON PARCHMENT as alleged herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DONNAVON PARCHMENT as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DONNAVON PARCHMENT was unlawfully arrested and subjected to excessive force.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DONNAVON PARCHMENT'S constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff DONNAVON PARCHMENT of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from false arrest/unlawful imprisonment;

C. To be free from excessive force;

D. To be free from the failure to intervene;

E. To receive his right to fair trial;

F. To be free from malicious abuse of process; and

G. To receive equal protection under law.

78. As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

13

80.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

81.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

82.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

83.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

84.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants arrested plaintiff DONNAVON PARCHMENT without probable cause.

87.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

88.     As a result of the aforementioned conduct, plaintiff DONNAVON PARCHMENT was unlawfully imprisoned in violation of the laws of the State of New York.

89.     As a result of the aforementioned conduct, plaintiff DONNAVON PARCHMENT

suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT was placed in apprehension of imminent harmful and offensive bodily contact.

93.     As a result of defendant's conduct, plaintiff DONNAVON PARCHMENT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

15

96.     Defendants made offensive contact with plaintiff DONNAVON PARCHMENT without privilege or consent.

97.     As a result of defendants' conduct, plaintiff DONNAVON PARCHMENT has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98.     As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Defendants issued criminal process against plaintiff DONNAVON PARCHMENT by causing him to be arrested, arraigned and prosecuted in criminal court.

101.    Defendants caused plaintiff DONNAVON PARCHMENT to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their unlawful acts and abuse of authority.

102.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DONNAVON PARCHMENT.

105.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff DONNAVON PARCHMENT.

17

109.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
#### (Negligence under the laws of the State of New York)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
#### (*Respondeat Superior* liability under the laws of the State of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

118.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    As a result of defendants' conduct, plaintiff DONNAVON PARCHMENT was

deprived of his right to security against unreasonable searches, seizures, and interceptions.

121.    As a result of the foregoing, plaintiff DONNAVON PARCHMENT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DONNAVON PARCHMENT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       December 3, 2014

                                    LEVENTHAL & KLEIN, LLP
                                    Attorneys for Plaintiff
                                    DONNAVON PARCHMENT
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                            By:     _____
                                    BRETT H. KLEIN (BK4744)
                                    JASON LEVENTHAL (JL1067)